FILED

**NOT FOR PUBLICATION**

MAR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30248 |
| Plaintiff - Appellee, | D.C. No. 1:07-CR-00174-RFC-1 |
| v. | |
| MICHAEL JEFFREY ANDERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted March 2, 2010
Portland, Oregon

Before: PAEZ, TALLMAN and M. SMITH, Circuit Judges.

Michael Anderson appeals the district court's denial of his Federal Rule of

Criminal Procedure 29(a) motion, asserting that the government presented

insufficient evidence for a rational fact-finder to infer Anderson knew that he

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

possessed a machine gun in violation of 18 U.S.C. § 922(o). We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.

When considering a claim of insufficiency of the evidence, the court views the evidence in the light most favorable to the government and determines if any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443. U.S. 307, 319 (1979). Knowledge can be inferred from circumstantial evidence. *Staples v. United States*, 511 U.S. 600, 616 n.11 (1994). Here, Anderson kept a collection of thirty-one high-quality firearms, numerous accessories, and nearly 35,000 rounds of ammunition. He saved multiple receipts for his purchases. He possessed two nearly identical semi-automatic military rifles but for the modifications that converted one of the weapons into a machine gun. The machine gun was equipped with several after-market accessories, including an $800 scope, front-rail system, vertical foregrip, ammunition carrier, and carry handle. At trial, modifications to the rifle were described as "extensive" and visible to the naked eye.

From the totality of the evidence presented by the government, the jury could reasonably infer that Anderson knew he possessed a machine gun. *See id*.

**AFFIRMED**.

2